**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: _____**

_____

LORI DRONG,

                       Plaintiff,                                    **COMPLAINT**

v.

                                                       **JURY TRIAL DEMANDED**

MIG CAPITAL MANAGEMENT, INC.,

                       Defendant.

_____

## INTRODUCTION

1. This action arises from Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA" herein), 15 U.S.C. § 1692 *et seq.*

2. The term "consumer" as used in this Complaint means any natural person obligated or allegedly obligated to pay any debt. Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3).

3. The term "debt" as used in this Complaint means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

4. The term "debt collector" as used in this Complaint means any person who uses any instrumentality of interstate commerce or the mails in any business

the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

5.   Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

6.   Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

### Plaintiff

7.   Plaintiff Lori Drong (hereinafter "Plaintiff"), is a natural person residing in the County of Sherburne, State of Minnesota, and is a "consumer" as that term is defined by Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under Section 803 of the FDCPA, 15 U.S.C. 1692k(a).

### Defendant

8.   Defendant MIG Capital Management, Inc. (hereinafter "Defendant") is a Florida corporation with its principal place of business located at 5811 Memorial Highway, Suite 208, Tampa, FL 33615.

2

9.    Defendant is a "debt collector," as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

10.   Sometime prior to September 2012, upon information and belief, Plaintiff incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

11.   Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

### Defendant's September 28, 2012 Voicemail Message

12.   On September 28, 2012, Defendant called the cellular telephone of Plaintiff's daughter and left a voicemail message (The "September Voicemail" herein).

13.   Plaintiff's name does not appear on the account for the cellular telephone used by Plaintiff's daughter. Plaintiff does not use her daughter's cellular telephone.

14.   Defendant's September Voicemail is a "communication" as that term is defined by Section 803(2) of the FDCPA, 15 U.S.C. § 1692a(2).

15.   Defendant's September Voicemail is the "initial communication" as that term is defined by Section 809 of the FDCPA, 15 U.S.C. § 1692g.

16.   In the September Voicemail, an individual identifying as "David Carpenter" stated he was calling on behalf of Defendant and was "desperately trying to get in contact with Loralyn Drong."

3

17.   Mr. Carpenter requested that Plaintiff's daughter instruct Plaintiff to return the call. Mr. Carpenter provided a telephone number and file number before terminating the call.

### *Violations of the Fair Debt Collection Practices Act*

18.   The September Voicemail did not state that the collector was confirming or correcting location information. Rather, the September Voicemail directed Plaintiff's daughter to relay a message to Plaintiff that Defendant wanted Plaintiff to return the call. The September Voicemail is therefore a violation of Section 804 of the FDCPA, 15 U.S.C. § 1692b(1).

19.   The September Voicemail failed to identify Defendant as a debt collector attempting to collect a debt and failed to stated that any information obtained would be used for the purpose of collecting a debt. Defendant is therefore in violation of Section 807 of the FDCPA, 15 U.S.C. §§ 1692e and 1692e(11).

### **Defendant's October 8, 2012 Voicemail**

20.   On October 8, 2012, Defendant called the cellular telephone of Plaintiff's daughter and left a voicemail message (The "First October Voicemail" herein).

21.   Defendant's First October Voicemail is a "communication" as that term is defined by Section 803(2) of the FDCPA, 15 U.S.C. § 1692a(2).

22.   The same individual who left the September Voicemail, David Carpenter, left the First October Voicemail.

*Violations of the Fair Debt Collection Practices Act*

23.   At no time did Plaintiff or Plaintiff's daughter grant Defendant or Mr. Carpenter permission to call the cellular telephone of Plaintiff's daughter a second time. Defendant knew or had reason to know it was calling the cellular telephone of Plaintiff's daughter, a third party, for the second time. Defendant is therefore in violation of Section 804 of the FDCPA, 15 U.S.C. § 1692b(3).

24.   Defendant knew or had reason to know it was calling a telephone number that did not belong to Plaintiff. Defendant received no communication from Plaintiff after leaving the September Voicemail, rendering the First October Voicemail a communication at an unusual place or a place known to be inconvenient to Plaintiff. Defendant is in violation of Section 805 of the FDCPA, 15 U.S.C. § 1692c(a)(1).

25.   The First October Voicemail failed to identify Defendant as a debt collector attempting to collect a debt and failed to stated that any information obtained would be used for the purpose of collecting a debt. Defendant is therefore in violation of Section 807 of the FDCPA, 15 U.S.C. §§ 1692e and 1692e(11).

**Defendant Fails To Timely Send Plaintiff A 30-Day Validation Notice**

26.   Defendant's September Voicemail was the "initial communication" as that term is defined by Section 809 of the FDCPA, 15 U.S.C. § 1692g.

27.    Section 809 of the FDCPA, 15 U.S.C. § 1692g states that a debt collector must send a 30-Day Validation Notice to the consumer within five (5) days of the initial communication.

28.    Defendant would have had to send a 30-Day Validation Notice to Pliantiff by no later than October 3, 2012 to be within five (5) days of the initial communication.

*Violations of the Fair Debt Collection Practices Act*

29.    Plaintiff received a dunning letter from Defendant, postdated October 16, 2012. The letter itself was dated October 4, 2012. This letter was the first communication sent to Plaintiff containing the 30-Day Validation Notice. Defendant is therefore in violation of Section 809 of the FDCPA, 15 U.S.C. § 1692g.

30.    By sending a letter dated October 4, 2012 but not sent until October 16, 2012, Defendant made a false, deceptive, or misleading representation in connection with the collection of a debt, violating Section 807 of the FDCPA, 15 U.S.C. §§ 1692e and 1692e(10).

**Defendant's October 22, 2012 Voicemail**

31.    On October 22, 2012, Defendant called the cellular telephone of Plaintiff's daughter and left a voicemail message (The "Second October Voicemail" herein).

32.    Defendant's Second October Voicemail is a "communication" as that term is defined by Section 803(2) of the FDCPA, 15 U.S.C. § 1692a(2).

6

33.  The same individual who left the September Voicemail and First October Voicemail, David Carpenter, left the Second October Voicemail.

*Violations of the Fair Debt Collection Practices Act*

34.  At no time did Plaintiff or Plaintiff's daughter grant Defendant or Mr. Carpenter permission to call the cellular telephone of Plaintiff's daughter a third time. Defendant knew or had reason to know it was calling the cellular telephone of Plaintiff's daughter, a third party, for the third time. Defendant is therefore in violation of Section 804 of the FDCPA, 15 U.S.C. § 1692b(3).

35.  Defendant knew or had reason to know it was calling a telephone number that did not belong to Plaintiff. Defendant received no communication from Plaintiff after leaving two (2) voicemails, rendering the Second October Voicemail a communication at an unusual place or a place known to be inconvenient to Plaintiff. Defendant is in violation of Section 805 of the FDCPA, 15 U.S.C. § 1692c(a)(1).

36.  The Second October Voicemail failed to identify Defendant as a debt collector attempting to collect a debt and failed to stated that any information obtained would be used for the purpose of collecting a debt. Defendant is therefore in violation of Section 807 of the FDCPA, 15 U.S.C. §§ 1692e and 1692e(11).

**Defendant's October 25, 2012 Voicemail**

37.  Defendant called the cellular telephone of Plaintiff's daughter and left a voicemail message (The "Third October Voicemail" herein).

7

38.     Defendant's Third October Voicemail is a "communication" as that term is defined by Section 803(2) of the FDCPA, 15 U.S.C. § 1692a(2).

39.     An individual identifying as Ira Swockley left the Third October Voicemail. Ms. Swockley stated that she required either Plaintiff or Plaintiff's attorney to contact Defendant.

*Violations of the Fair Debt Collection Practices Act*

40.     At no time did Plaintiff or Plaintiff's daughter grant Defendant or Ms. Swockley permission to call the cellular telephone of Plaintiff's daughter. Defendant knew or had reason to know it was calling the cellular telephone of Plaintiff's daughter. Defendant is therefore in violation of Section 804 of the FDCPA, 15 U.S.C. § 1692b(3).

41.     Defendant knew or had reason to know it was calling a telephone number that did not belong to Plaintiff. Defendant received no communication from Plaintiff after leaving three (3) voicemails, rendering the Third October Voicemail a communication at an unusual place or a place known to be inconvenient to Plaintiff. Defendant is in violation of Section 805 of the FDCPA, 15 U.S.C. § 1692c(a)(1).

42.     The Third October Voicemail failed to identify Defendant as a debt collector attempting to collect a debt and failed to stated that any information obtained would be used for the purpose of collecting a debt. Defendant is therefore in violation of Section 807 of the FDCPA, 15 U.S.C. §§ 1692e and 1692e(11).

43.     Plaintiff suffered actual damages under the FDCPA in the form of sleeplessness, nervousness, and embarrassment when talking to or seeing friends and family.

## Respondeat Superior Liability

44.     The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff- further described herein- were committed within the time and space limits of their agency relationship with their principal, Defendant.

45.     The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

46.     By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

47.     Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

48.    The above-detailed conduct by Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

49.    Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

## TRIAL BY JURY

50.    Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

51.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52.    The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

53.    As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an

10

amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

54.   For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

55.   For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff; and

56.   For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

Respectfully submitted,

Dated:  December 12, 2012          MARTINEAU, GONKO & VAVRECK, PLLC


 s/ Mark L. Vavreck                                  .
Mark L. Vavreck, Esq.
Bar Number #0318619
Attorney for Plaintiff
Martineau, Gonko & Vavreck, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:   (612) 659-9220
mvavreck@mgvlawfirm.com